**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

IN RE:                                                      CHAPTER 11

BLACK SHEEP FOOD GROUP, LLC                 CASE NO. 17-04372-5-JNC

         Debtor.

**DISCLOSURE STATEMENT PURSUANT TO**
**SECTION 1125 OF THE BANKRUPTCY CODE**

Raleigh, North Carolina
February 1, 2018

William P. Janvier
JANVIER LAW FIRM, PLLC
311 E. Edenton Street
Raleigh, NC 27604
Telephone: (919) 582-2323

**THIS DISCLOSURE STATEMENT CONTAINS INFORMATION THAT MAY BEAR UPON YOUR DECISION TO ACCEPT OR REJECT THE DEBTOR'S PROPOSED CHAPTER 11 PLAN FILED FEBRUARY 1, 2018. PLEASE READ THIS DOCUMENT WITH CARE.**

## I.      INTRODUCTION

### A.  Purpose of the Disclosure Statement

Black Sheep Food Group, LLC, debtor and debtor-in-possession in this Chapter 11 case ("Debtor"), submits this Disclosure Statement pursuant to § 1125 of the Bankruptcy Code in connection with the solicitation of acceptances or rejections of the Debtor's Chapter 11 Plan dated February 1, 2018 (the "Plan.") The purpose of this Disclosure Statement is to provide adequate information to enable Creditors to make an informed judgment as to whether or not to vote in favor of the Plan. The Disclosure Statement is being furnished to all known creditors to inform them about the Plan and their rights with respect thereto.

The purpose of this Disclosure Statement is to provide such information as would enable a hypothetical, reasonable investor typical of the Classes being solicited to make an informed judgment on the Plan. The material herein contained is intended solely for that purpose and is only for the use of known creditors of the named Debtor. This Disclosure Statement may not be relied upon for any purpose other than to determine how to vote on the Plan.

### B.  Source of Information

Except as expressly indicated, the portions of this Disclosure Statement describing the Debtor, its business and the Plan have been prepared from information, materials, and reports furnished by the Debtor. No representations concerning the Debtor or the Plan are authorized by the Debtor other than as set forth in this Disclosure Statement. Any representations or inducements made by any other person to secure your vote other than those contained herein should not be relied upon.

Great effort has been taken by the Debtor to be accurate in this Disclosure Statement in all material respects, but the Debtor is not able to warrant or represent that the information contained herein is without inaccuracy. The Debtor believes, however, that the contents of this Disclosure Statement are complete and accurate.

### C.  Filing of the Reorganization Case

On September 6, 2017, the Debtor filed a petition for voluntary reorganization under Chapter 11 of the Code in the United States Bankruptcy Court for the Eastern District of North Carolina (the "Court") as case number 17-04372-5-JNC (the "Case"). Upon the filing of its petition for reorganization, the Debtor became a "Debtor-in-Possession" under the Code and has operated its businesses from that time until the present.

### D.  Manner of Voting on the Plan

Each creditor entitled to vote on the Plan may cast his vote for or against the Plan by completing, dating and signing the Ballot for Accepting or Rejecting the Plan (the "Ballot") to be mailed to creditors upon approval by the Court of this Disclosure Statement.

Only those votes that actually Accept or Reject the Plan will be counted.

### E.  Confirmation of the Plan

1. Solicitation of Acceptances. The Disclosure Statement is intended to assist creditors whose claims are impaired in evaluating the Plan and in determining whether to accept or reject the Plan. Under the Code, acceptance or rejection of the Plan may not be solicited unless a copy of the Disclosure Statement after approval by the Court is furnished prior to or concurrently with such solicitation.

2. Creditors Entitled to Vote on Plan. Only the votes of classes of creditors whose claims are impaired by the Plan will be counted in connection with confirmation of the Plan. Generally, and subject to the specific provisions of Section 1124 of the Code, this includes any creditor who, under the Plan, will receive less than payment in full in cash of the allowed amount of their respective claim on the "Effective Date" as defined in the Plan. The classes of claims that are impaired by the Plan are:

| Class 2 | Allowed Secured and Priority Tax Claims |
| Class 3 | Allowed Secured Claims of Cap Call, LLC |
| Class 4 | Allowed Secured Claims of Kabbage Loans |
| Class 5 | Allowed Secured Claims of LG Funding Services |
| Class 6 | Allowed Secured Claims of Power Up Lending Group, Ltd. |
| Class 7 | Allowed Secured Claims of Queen Funding, LLC |
| Class 8 | Allowed Secured Claims of Richmond Capital Group, LLC |
| Class 9 | Allowed Secured Claims of SOS Capital Inc. |
| Class 10 | Allowed Secured Claims of U.S. Foods, Inc. |
| Class 11 | Allowed Secured Claims of YES Funding Services, LLC |
| Class 12 | Allowed Small Unsecured Claims (Under $1,000.00) |
| Class 13 | Allowed General Unsecured Claims |

Accordingly, the holders of said impaired Classes are entitled to vote on the Plan.

The Ballot to be mailed to creditors upon Court approval of this Disclosure Statement is not a proof of claim. The schedules of claims against the Debtor can be inspected at the Court.

In determining acceptance of the Plan, votes will be counted only if submitted by a creditor whose claim is scheduled by the Debtor in a known amount as undisputed and non-contingent and liquidated, or who, prior to Confirmation, has filed with the Court a proof of claim that has not

3

been disallowed, disqualified, objected to, or suspended prior to computation of the vote on the Plan.

3. <u>Acceptances Necessary to Confirm Plan</u>. At the confirmation hearing to be set for the Plan, the Court must determine, among other things, whether the Plan has been accepted by Classes 2 through 13, claimants whose claims or interests are impaired by the Plan. An impaired class will be deemed to have accepted the Plan if (i) at least two-thirds in amount and (ii) more than one-half in number of the allowed claims of Class members who have voted on the Plan have voted to accept it. If there is less than unanimous acceptance of the Plan by any impaired Class holders of claims, each non-accepting Class will be deemed to have accepted the Plan only if the Court determines that under the Plan members of that Class will receive property of a value (as of the Effective Date) that is not less than the amount such Class members would receive or retain if the Debtor was liquidated under Chapter 7 of the Code as of the Effective Date.

The Court may confirm the Plan, even if the Plan is not accepted by all the impaired Classes provided the Court finds that the Plan: (1) was accepted by at least one impaired Class; and (2) does not discriminate unfairly against, and is fair and equitable as to all non-accepting impaired Classes. The Debtor intends to rely on these "cram-down" provisions, if necessary, in seeking confirmation of the Plan.

**<u>DEBTOR BELIEVES THAT THE PLAN IS FEASIBLE AND IN THE BEST INTEREST OF THE DEBTOR AND EACH CLASS OF CREDITORS.</u>**

### NATURE OF DEBTOR'S BUSINESS

The Debtor is a North Carolina LLC which operates two restaurants.

## II.    OPERATIONS AND EVENTS UNDER CHAPTER 11

During the Chapter 11 case, the Debtor, as debtor-in-possession, has continued regular operations post-petition. The Debtor has filed Monthly Operating Reports with the Bankruptcy Court. These reports are on file with the United States Bankruptcy Court Clerk's office. A copy of the December 2017 report is attached hereto as Exhibit "A." Thomas S. Havrish, an insider, will continue to serve as Manager of the Debtor and continue to operate the Debtor.

## III.    THE DEBTOR'S CHAPTER 11 PLAN

The following is a brief summary of the principal provisions of the Plan and is qualified in its entirety by the full text of the Plan. Creditors are urged to read carefully the full text of the Plan. The Plan, if confirmed, will be binding on the Debtor, its creditors and any other affected parties.

The Debtor also intends, where appropriate, to pursue avoidance actions under Chapter 5 of the Bankruptcy Code.

## Treatment of Claims

Debtor's Plan of Reorganization classifies claims and interests into 13 classes. All classes other than Class 1 are impaired.

### Class 1 - Allowed Administrative Expense Claims

The Plan provides that (i) each Administrative Expense Claim that is an Allowed Administrative Expense Claim on the Effective Date shall be satisfied in full on the Effective Date, or as otherwise may be agreed by the holder of such Allowed Administrative Expense Claim; and (ii) each Administrative Expense Claim that is disputed on the Effective Date shall be satisfied within ten (10) Business Days after entry of a Final Order approving such Claim as an Allowed Administrative Expense Claim, or as otherwise may be agreed by the holder of an Allowed Administrative Expense Claim.

The Debtor believes that Class 1 claims will be approximately $35,000.

### Class 2 – Allowed Secured and Priority Tax Claims

The Plan provides that Class 2 Claims shall be paid in full with interest at the taxing authority's statutory rate in equal quarterly payments, so that the last payment shall be due within five years of the filing date.  The first such payment shall be due on the first day of the month following the Effective Date.

Class 2 has filed claims in the amount of $233,613.58. The Debtor expects to object to these claims. The Debtor's current estimate of Class 2 claims for confirmation purposes only is $123,000.00

### Class 3 – Allowed Secured Claims of Cap Call, LLC

The Plan provides that Class 3 shall retain all liens. Class 3 shall be amortized and paid over sixty (60) months with interest thereon at the Secured Rate.  The First Payment to Class 3 shall be made on the first day of the first month following the Effective Date.

The Debtor scheduled the claim of Cap Call, LLC as unknown and Cap Call, LLC has not filed a Proof of Claim.

### Class 4 – Allowed Secured Claims of Kabbage Loans

The Plan provides that Class 4 shall retain all liens. Class 4 shall be amortized and paid over sixty (60) months with interest thereon at the Secured Rate.  The First Payment to Class 4 shall be made on the first day of the first month following the Effective Date.

The Debtor scheduled the claim of Kabbage Loans in the amount of $88,000.00.

5

**Class 5 - Allowed Secured Claims of LG Funding Services**

The Plan provides that Class 5 shall retain all liens. Class 5 shall be amortized and paid over sixty (60) months with interest thereon at the Secured Rate.  The First Payment to Class 5 shall be made on the first day of the first month following the Effective Date.

Class 5 has filed an unsecured Proof of Claim in the amount of $68,037.25.  Debtor expects to object to this proof of claim. If LG Funding Services is determined to be an unsecured creditor, it's claim will be included in Class 13.

**Class 6 – Allowed Secured Claims of Power Up Lending Group, Ltd.**

The Plan provides that Class 6 shall retain all liens. Class 6 shall be amortized and paid over sixty (60) months with interest thereon at the Secured Rate.  The First Payment to Class 6 shall be made on the first day of the first month following the Effective Date.

The Debtor scheduled the claim of Power Lending Group, Ltd. as unknown and Power Lending Group, Ltd. has not filed a Proof of Claim.

**Class 7 – Allowed Secured Claims of Queen Funding, LLC**

Class 7 shall retain all liens. Class 7 shall be amortized and paid over sixty (60) months with interest thereon at the Secured Rate.  The First Payment to Class 7 shall be made on the first day of the first month following the Effective Date.

The Debtor scheduled the claim of Queen Funding, LLC as unknown and Queen Funding, LLC has not filed a Proof of Claim.

**Class 8 – Allowed Secured Claims of Richmond Capital Group, LLC**

The Plan provides that Class 8 shall retain all liens. Class 8 shall be amortized and paid over sixty (60) months with interest thereon at the Secured Rate.  The First Payment to Class 8 shall be made on the first day of the first month following the Effective Date.

The Debtor scheduled the claim of Richmond Capital Group, LLC as unknown and Richmond Capital Group, LLC has not filed a Proof of Claim.

**Class 9 – Allowed Secured Claims of SOS Capital, Inc.**

The Plan provides that Class 9 shall retain all liens. Class 9 shall be amortized and paid over sixty (60) months with interest thereon at the Secured Rate.  The First Payment to Class 9 shall be made on the first day of the first month following the Effective Date.

The Debtor believes Class 9 claims will be $68,138.81.

### Class 10 – Allowed Secured Claims of U.S. Foods, Inc.

The Plan provides that Class 10 shall retain all liens. Class 10 shall be amortized and paid over twenty-four (24) months with interest thereon at the Secured Rate. The First Payment to Class 10 shall be made on the first day of the first month following the Effective Date.

Class 10 has filed a Proof of Claim in the amount of $9,283.15.

### Class 11 – Allowed Secured Claims of YES Funding Services, LLC

The Plan provides that Class 11 shall retain all liens. Class 11 shall be amortized and paid over sixty (60) months with interest thereon at the Secured Rate. The First Payment to Class 11 shall be made on the first day of the first month following the Effective Date.

The Debtor believes Class 11 will be $0.00. The Debtor scheduled the claim of YES Funding Services, LLC as $0.00 and YES Funding Services, LLC has not filed a Proof of Claim.

### Class 12 – Allowed Small Unsecured Claims

The Plan provides that Class 12 is comprised of Allowed Unsecured Claims of Less than $1,000.00. The Allowed Claims of Class 12 shall be paid in full in two payments. The first payment shall be made 3 months after the Effective Date. The last payment shall be made 9 months after the Effective Date.

Class 12 has filed claims totaling $1,729.38. The Debtor believes that Class 12 claims will total approximately $6,000.00.

### Class 13 – Allowed General Unsecured Claims

The Plan provides that Class 13 shall receive monthly payments of $1,000 until paid in full. The first such payment shall be made on the first day of the fourth month following the Effective Date. If Class 13 has not been paid in full 8 years after the Effective Date, then Class 13 shall be paid in full 8 years after the Effective Date.

Class 13 has filed claims totaling $231,472.37. Scheduled claims as modified by proofs of claims filed by Class 13 total approximately $440,000.00. The Debtor expects that class 13 will total less than that amount as claims objections are determined.

The Plan provides that the existing Allowed Equity Interests in the Debtor shall remain the same as pre-petition.

**Release of the Debtor.**

The confirmation of the Plan shall constitute waiver and release of the right to pursue litigation and causes of action against the Debtor.

## Treatment of Leases.

The confirmation of the Plan shall act as an acceptance of all real property leases listed in the Debtor's Schedule G, other than those rejected prior to confirmation of the Plan. All parties shall have thirty (30) days from the Effective Date to file proof of claims for rejection damages. Cure payments will be made on the Effective Date.

## Tax Consequences

The Debtor is a limited liability company. The Debtor does not believe that Confirmation of the Plan will result in any significant adverse tax consequences to its creditors or shareholders, unless there is a default under the Plan resulting in liquidation of the Debtor's assets. In the event of a default, there may be significant tax consequences to the shareholders.  The Debtor will provide all necessary information available to it to any shareholder on request. DISCLAIMER: NEITHER THE DEBTOR NOR THEIR COUNSEL IS PROVIDING ANY OPINION OR ADVICE REGARDING THE TAX CONSEQUENCES OF THE PLAN.   THE TAX CONSEQUENCES OF THE PLAN FOR HOLDERS OF CLAIMS AND INTERESTS MAY BE DIFFERENT. ALL HOLDERS OF CLAIMS AND INTERESTS ARE URGED TO CONSULT THEIR OWN ADVISORS AS TO THE OVERALL TAX IMPLICATIONS OF THE PLAN.

## IV.    ADDITIONAL INFORMATION

### A.    Best Interest Test.

Before the Plan may be confirmed, the Bankruptcy Court must find (with certain exceptions) that the Plan provides, with respect to each Class, that each holder of a Claim or Equity Interest of such Class either (a) has accepted the Plan or (b) will receive or retain under the Plan on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that such person would receive or retain if the Debtor were, on the Effective Date, liquidated under Chapter 7 of the Bankruptcy Code.  The Debtor believes that its Plan satisfies this requirement, and that this is a full pay plan.  The Debtor has attached a "Liquidation Analysis" as Exhibit "B," designed to reflect both the proposed payments under this Plan and the amount which the Debtor believes creditors might receive under a Chapter 7.

### B.    Financial Feasibility.

The Bankruptcy Code requires, as a condition to confirmation, that confirmation of a plan is not likely to be followed by the liquidation (unless the plan calls for liquidation) of the Debtor or the need for further financial reorganization.  The Debtor believes that it will be able to make the payments called for by the Plan.  Debtor believes that such assumptions are reasonable.

The Debtor has attached conservative financial projections showing income, expenses, and estimated plan payments as Exhibit "C." Exhibit C does not count for the impact of avoidance actions due to the inherent uncertainty of such actions.

### C.    Consummation.

The Plan will be consummated and distributions made if the Plan is confirmed pursuant to a Final Order of the Bankruptcy Court.  It will not be necessary for the Debtor to await any required regulatory approvals from agencies or departments of the United States Government to consummate the Plan.  The Plan will be implemented pursuant to its provisions and the provisions of the Bankruptcy Code.

### V.    ALTERNATIVE TO THE PLAN

If no Chapter 11 plan can be confirmed, the Chapter 11 Case will be dismissed or converted to case under Chapter 7 of the Bankruptcy Code, in which case a trustee would be elected or appointed to liquidate the assets of the Debtor for distributions to Creditors in accordance with the priorities established by the Bankruptcy Code.  Alternatively, the Debtor's Chapter 11 Case could be dismissed.

**The Debtor recommends that holders of Claims and Equity Interests vote to accept this Plan.**

Dated: February 1, 2018
          Raleigh, North Carolina

Black Sheep Food Group, LLC

s/ Thomas S. Havrish
By: Thomas S. Havrish, Manager

**JANVIER LAW FIRM, PLLC**

s/ William P. Janvier
William P. Janvier
N.C.S.B. No. 21136
311 E. Edenton Street
Raleigh, NC 27604
Telephone: (919) 582-2323

9

## Exhibit A

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA

IN RE:  BLACK SHEEP FOOD GROUP, LLC

CASE NO: 17-04372-5-JNC

# MONTHLY REPORT OF CORPORATE DEBTOR IN POSSESSION/TRUSTEE

DATE PETITION WAS FILED:  SEPTEMBER 6, 2017

REPORTING PERIOD COVERED:  DECEMBER 2017

I declare under penalty of perjury that the information contained in this report is true and correct to the best of my knowledge and belief:

Respectfully submitted this _24_, day of _January 2018_

DEBTOR:

Title: _Member_

Signature: _____

Date: _1/24/18_

I have read the information in this report, and the information contained herein is true and correct to the best of my knowledge and belief:

Respectfully submitted this _31st_, day of _January 2018_

ATTORNEY FOR THE DEBTOR:

Signature: _____

Date: _1/31/18_

*Penalty for making a false statement or filing a false report: Fine of up to $500,000.00 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571*

# PART A: BUSINESS OPERATIONS

*I.*   **_Summary of Business Operations:_**

**1.) Please summarize the Debtor's business activities for the month:**
RESTAURANT ACTIVITIES

**2.) Did the Debtor operate with a cash surplus or cash loss for the month?  If the Debtor operated at a loss, please explain what affected profitability:**
CASH SURPLUS

**3.)  Did the Debtor have any significant receipts or disbursements this month that were unusual or do not reoccur every month?  For example, receipts would include insurance claim proceeds, tax refunds and funds from sale proceeds.  Disbursements would include annual or quarterly insurance premiums, tax payments, large repairs, etc.:**   YES

   **(a) RECEIPTS –**

   **(b) DISBURSEMENTS –**   DATA RECOVERY FOR COMPUTER $ 2375.77

*Revised October, 2015*

*II.*    **Summary of Chapter 11 Activities:**

**1.)  Were any transactions this month outside of the ordinary course of business?  For example, did the Debtor sell any property, receive a loan from a third party or make any large purchases? If yes, please describe:**  ~~NO~~ •

Debtor opened Gift Card Acct in November 2017. Debtor only deposit funds into Acct and uses funds when Gift Cards are Redeemed.

**2.)  What steps has the Debtor taken toward reorganization or liquidation?**

Debtor is actually working on preparing prefence actions, disclosure statement, and plan of reorganization.

# PART B: CERTIFICATIONS

| | | YES | NO | N/A |
|---|---|---|---|---|
| 1. | All post-petition taxes [tax obligations arising after the Chapter 11 petition was filed] are currently paid or deposited. | x | | |
| 2. | All tax returns coming due post-petition have been filed or extensions granted. | x | | |
| 3. | All administrative expenses [post-petition obligations] other than taxes are current. | x | | |
| 4. | All insurance remains in full force and effect in accordance with Local Bankruptcy Rule No. 4002-1(b)(1)(c). | x | | |
| 5. | New books and records were opened as of the petition date and are being maintained monthly and are current. | x | | |
| 6. | New DIP bank accounts were opened and are reconciled in accordance with Local Bankruptcy Rule No. 4002-1(b)(1). | x | | |
| 7. | All pre-petition bank accounts have been closed. | x | | |
| 8. | The Debtor sought Court approval prior to paying any pre-petition, unsecured debts [obligations due on or before the filing of the case] this reporting period. | | | x |
| 9. | All funds coming into the Debtor's bankruptcy estate have been deposited into the DIP account(s). | x | | |
| 10. | Payments to professionals (attorney, accountant, appraiser, realtor, etc.) during this reporting period were authorized by the Court. | | | x |
| 11. | Court approval was requested and granted for any transfers or sales of property that were made during this period. | | | x |
| 12. | Estate funds which are on deposit in banking institutions are fully covered by FDIC or FSLIC insurance of $250,000.00. | x | | |
| 13. | Did any person or entity pay any expenses or costs on behalf of the Debtor? If you answered yes, please provide additional information on the following pages. | | x | |

**IF THE ANSWER TO ANY OF THE CERTIFICATIONS REQUIRES ADDITIONAL INFORMATION, PLEASE PROVIDE AN EXPLANATION ON THE SUPPLEMENT TO PART B.**

*Revised October, 2015*

## SUPPLEMENT TO PART B:

1.　　(a) Post-petition taxes not current or not deposited:

　　　　　　Type _____ and amount $_____ unpaid or not deposited.

　　　　／　Type _____ and amount $_____ unpaid or not deposited.

　　　　　　Type _____ and amount $_____ unpaid or not deposited.

　　　(b) When will the Debtor bring these taxes current?


2.　　(a) Tax returns not filed:


　　　(b) Why haven't the required tax returns been filed?


3.　　(a) Administrative expenses [post-petition] other than taxes not current:

　　　　　　Type _____ and amount $_____ unpaid or not deposited.

　　　　　　Type _____ and amount $_____ unpaid or not deposited.

　　　　　　Type _____ and amount $_____ unpaid or not deposited.

　　　(b) When will the Debtor bring these payments current?


4.　　Description of uninsured estate property, reasons why and steps implemented to obtain insurance:


5.　　Reason/explanation why new books and records have not been opened:


*Revised October, 2015*

6.    Reason/explanation as to why new bank accounts have not been opened:


7.    Reason/explanation as to why old bank accounts have not been closed:


8.    List all prepetition debts which were paid this reporting period, including the name and address of the creditor paid, the amount paid, and the justification for the payment:


9.    Reason/explanation as to why estate funds were not deposited in the DIP accounts.  Please detail where the estate funds were deposited, or (if not deposited), how they were disbursed:


10.   List the name of each professional paid and how much each professional was paid:


11.   List all property which was sold/transferred outside the ordinary course of business and whether prior authority for such transfer[s] was obtained from the court:


12.   If funds are not fully covered by FDIC or FSLIC insurance of $250,000.00, provide name of bank[s] wherein estate monies are deposited and the balance of all accounts therein:


13.   List all expenses paid on behalf of the Debtor, including the name of the person or entity who made the payments:

# PART C: SUMMARY OF CASH RECEIPTS AND DISBURSEMENTS

**NATURE/TYPE OF ACCOUNT:**

     __X__ **Operating Account (Account #** 01270007618 **)**
     ____ **Tax Account (Account #_____ )**
     ____ **Payroll Account (Account #_____ )**
     ____ **Other (Account #_____ )**

**AMOUNT:**

1. CASH BALANCE FROM PREVIOUS MONTH'S REPORT:  $ 66166.43

2. TOTAL RECEIPTS/TRANSFERS:
   [On following page- *EXHIBIT 1*
   - provide a description of the source and amount]  $ 343133.34

3. CASH BALANCE AVAILABLE:
   [#1 plus #2]  $ 409299.77

4. TOTAL DISBURSEMENTS/TRANSFERS:
   [On following page- *EXHIBIT 2*
   - provide a description of the disbursements]  $ 307518.24

5. ENDING CASH, RECONCILED BALANCE:  $ 101781.53

## SUMMARY OF BANK ACCOUNT INFORMATION

6. TOTAL BANK BALANCE  $ 101781.53

7. PLUS UNCLEARED DEPOSITS  $ 0

8. LESS UNCLEARED CHECKS  $ 0

9. RECONCILED BALANCE:  *$ 101781.53

*If item #5 differs from Item #9, please explain:

*Revised October, 2015*

# EXHIBIT 1

## DESCRIPTION/ITEMIZATION OF RECEIPTS (ACCOUNT # <u>01270007618</u>    )

| RECEIPTS: | AMOUNT: |
|---|---|
| | |
| Sales | $ 343133.34 |
| Rental Income | $ |
| Collection of post-petition accounts receivable | $ |
| Collection of pre-petition accounts receivable | $ |
| Borrowing by debtor (list sources below):<br><br>(a)_____<br>(b)_____<br>(c)_____ | (list amounts below):<br><br>(a)_____<br>(b)_____<br>(c)_____<br><br>Total = $    0 |
| Transfers from other accounts (list accounts below):<br>(a)_____<br>(b)_____<br>(c)_____ | (list amounts below):<br><br>(a)_____<br>(b)_____<br>(c)_____<br><br>Total = $    0 |
| Other forms of income (list sources below)<br><br>(a)_____<br>(b)_____<br>(c)_____ | (list amounts below):<br><br>(a)_____<br>(b)_____<br>(c)_____<br><br>Total = $ 0 |
| Less allowance for returns and discounts | $    0 |

➔    *TOTAL =    $ <u>343133.34</u>

**\*Total equals item #2/Total Cash Receipts on Part C.**

# EXHIBIT 2

**DESCRIPTION/ITEMIZATION OF DISBURSEMENTS (ACCOUNT # 01270007618        )**

| DISBURSEMENTS: | AMOUNT: |
|---|---|
| | |
| Payments to secured creditors | $ 0 |
| Purchases of inventory | $ 101198.90 |
| Net Payroll (excluding officer compensation) | $ 114759.14 |
| Officer Compensation | $ 5769.24 |
| Payroll Taxes | $ 0 |
| Sales Tax | $ 0 |
| Property Taxes | $ 0 |
| Supplies and Materials | $ 13721.42 |
| Rental Payments (Real Property) | $ 33215.00 |
| Other lease payments | $ 190.81 |
| Utilities (Telephone, Electricity, Water, Other) | $ 8798.70 |
| Travel and Entertainment | $ 34.99 |
| Transportation Costs (e.g., fuel, tolls, parking) | $ 0 |
| Vehicle Maintenance and Repairs Costs | $ 0 |
| Equipment Repair Costs | $ 5368.12 |
| Real Property Repairs and Maintenance Costs | $ 36.00 |
| Vehicle Insurance Premiums | $ 0 |
| Life and health Insurance Premiums | $ 0 |
| Real Property Insurance Premiums | $ 0 |
| Other Insurance Premiums | $ 0 |
| Office Supplies | $ 0 |
| Freight and Shipping Costs | $ 0 |
| Advertising and Marketing | $ 4422.75 |
| Meal and Food Costs | $ 0 |
| Professional Fees | $ 0 |
| Quarterly Fees | $ 0 |
| Transfers to other accounts (list accounts below):<br>(a) 1270007626<br>(b) 1270006834<br>(c) CASH ON HAND | (list amounts below):<br><br>(a) 31000.00<br>(b) 4000.00<br>(c) (14996.83)<br><br>Total = $ 20003.17 |
| Other (PROVIDE ATTACHMENT) | $ |

SALES TAXES AND PAYROLL TAXES WERE PAID FROM TAX ACCOUNT (7626)

→    *TOTAL = $ 307518.24

**\*Total equals item #4/Total Cash Disbursements on Part C.**

*Revised October, 2015*

# PART C: SUMMARY OF CASH RECEIPTS AND DISBURSEMENTS

**NATURE/TYPE OF ACCOUNT:**

    \_\_\_\_**Operating Account (Account #**_____)
    \_X\_**Tax Account (Account #** 01270007626)
    \_\_\_\_**Payroll Account (Account #**_____ )
    \_\_\_\_**Other (Account #** _____)

                                  **AMOUNT:**

| | | |
|---|---|---|
| 1. | CASH BALANCE FROM PREVIOUS MONTH'S REPORT: | $ 10161.61 |
| 2. | TOTAL RECEIPTS/TRANSFERS: [On following page- *EXHIBIT 1* – provide a description of the source and amount] | $ 31000.00 |
| 3. | CASH BALANCE AVAILABLE: [#1 plus #2] | $ 41161.61 |
| 4. | TOTAL DISBURSEMENTS/TRANSFERS: [On following page- *EXHIBIT 2* – provide a description of the disbursements] | $ 33261.33 |
| 5. | ENDING CASH, RECONCILED BALANCE: | $ 7900.28 |

## SUMMARY OF BANK ACCOUNT INFORMATION

| | | |
|---|---|---|
| 6. | TOTAL BANK BALANCE | $ 7900.28 |
| 7. | PLUS UNCLEARED DEPOSITS | $ 0 |
| 8. | LESS UNCLEARED CHECKS | $ 0 |
| 9. | RECONCILED BALANCE: | *$ 7900.28 |

\*If item #5 differs from Item #9, please explain:

*Revised October, 2015*

# EXHIBIT 1

## DESCRIPTION/ITEMIZATION OF RECEIPTS (ACCOUNT # 01270007626 )

| RECEIPTS: | AMOUNT: |
|---|---|
| | |
| Sales | $ 0 |
| Rental Income | $ 0 |
| Collection of post-petition accounts receivable | $ 0 |
| Collection of pre-petition accounts receivable | $ 0 |
| Borrowing by debtor (list sources below):<br><br>(a)_____<br>(b)_____<br>(c)_____ | (list amounts below):<br><br>(a)_____<br>(b)_____<br>(c)_____<br><br>Total = $   0 |
| Transfers from other accounts (list accounts below):<br>(a) 01270007618<br>(b)_____<br>(c)_____ | (list amounts below):<br><br>(a) 31000.00<br>(b)_____<br>(c)_____<br><br>Total = $ 31000.00 |
| Other forms of income (list sources below)<br><br>(a)_____<br>(b)_____<br>(c)_____ | (list amounts below):<br><br>(a)_____<br>(b)_____<br>(c)_____<br><br>Total = $ 0 |
| Less allowance for returns and discounts | $   0 |

➔   *TOTAL =   $ 31000.00

**\*Total equals item #2/Total Cash Receipts on Part C.**

*Revised October 2015*

# EXHIBIT 2

**DESCRIPTION/ITEMIZATION OF <u>DISBURSEMENTS</u> (ACCOUNT #** 01270007626 **)**

| DISBURSEMENTS: | AMOUNT: |
|---|---|
| Payments to secured creditors | $ |
| Purchases of inventory | $ |
| Net Payroll (excluding officer compensation) | $ |
| Officer Compensation | $ |
| Payroll Taxes | $ 12532.00 |
| Sales Tax | $ 20729.33 |
| Property Taxes | $ |
| Supplies and Materials | $ |
| Rental Payments (Real Property) | $ |
| Other lease payments | $ |
| Utilities (Telephone, Electricity, Water, Other) | $ |
| Travel and Entertainment | $ |
| Transportation Costs (e.g., fuel, tolls, parking) | $ |
| Vehicle Maintenance and Repairs Costs | $ |
| Equipment Repair Costs | $ |
| Real Property Repairs and Maintenance Costs | $ |
| Vehicle Insurance Premiums | $ |
| Life and health Insurance Premiums | $ |
| Real Property Insurance Premiums | $ |
| Other Insurance Premiums | $ |
| Office Supplies | $ |
| Freight and Shipping Costs | $ |
| Advertising and Marketing | $ |
| Meal and Food Costs | $ |
| Professional Fees | $ |
| Quarterly Fees | $ |
| Transfers to other accounts (list accounts below):<br><br>(a)_____<br>(b)_____<br>(c)_____ | (list amounts below):<br><br>(a)_____<br>(b)_____<br>(c)_____<br><br>Total = $ 0 |
| Other (PROVIDE ATTACHMENT) | $ |

➔     *TOTAL = $ 33261.33 _____

**\*Total equals item #4/Total Cash Disbursements on Part C.**

*Revised October, 2015*

# PART C: SUMMARY OF CASH RECEIPTS AND DISBURSEMENTS

NATURE/TYPE OF ACCOUNT:

    \_\_\_\_ Operating Account (Account #_____ )
    \_\_\_\_ Tax Account (Account #_____ )
    \_\_\_\_ Payroll Account (Account #_____ )
    \_X\_ Other (Account # 0127000683)

**AMOUNT:**

1. CASH BALANCE FROM PREVIOUS MONTH'S REPORT:

   $ 12000.00

2. TOTAL RECEIPTS/TRANSFERS:
   [On following page- *EXHIBIT 1*
   - provide a description of the source and amount]

   $ 4000.00

3. CASH BALANCE AVAILABLE:
   [#1 plus #2]

   $ 16000.00

4. TOTAL DISBURSEMENTS/TRANSFERS:
   [On following page- *EXHIBIT 2*
   - provide a description of the disbursements]

   $ 0

5. ENDING CASH, RECONCILED BALANCE:

   $ 16000.00

## SUMMARY OF BANK ACCOUNT INFORMATION

6. TOTAL BANK BALANCE

   $ 16000.00

7. PLUS UNCLEARED DEPOSITS

   $ 0

8. LESS UNCLEARED CHECKS

   $ 0

9. RECONCILED BALANCE:

   *$ 16000.00

*If item #5 differs from Item #9, please explain:

*Revised October, 2015*

# EXHIBIT 1

## DESCRIPTION/ITEMIZATION OF RECEIPTS (ACCOUNT # _01270006834_ )

| RECEIPTS: | AMOUNT: |
|---|---|
| | |
| Sales | $ 0 |
| Rental Income | $ 0 |
| Collection of post-petition accounts receivable | $ 0 |
| Collection of pre-petition accounts receivable | $ 0 |
| Borrowing by debtor (list sources below):<br><br>(a)_____<br>(b)_____<br>(c)_____ | (list amounts below):<br><br>(a)_____<br>(b)_____<br>(c)_____<br>Total = $ 0 |
| Transfers from other accounts (list accounts below):<br>(a) 01270007618<br>(b)_____<br>(c)_____ | (list amounts below):<br><br>(a) 4000.00<br>(b)_____<br>(c)_____<br>Total = $ 4000.00 |
| Other forms of income (list sources below)<br><br>(a)_____<br>(b)_____<br>(c)_____ | (list amounts below):<br><br>(a)_____<br>(b)_____<br>(c)_____<br>Total = $ 0 |
| Less allowance for returns and discounts | $ 0 |

➔   *TOTAL =     $ _4000.00_

**\*Total equals item #2/Total Cash Receipts on Part C.**

*Revised October, 2015*

# EXHIBIT 2

### DESCRIPTION/ITEMIZATION OF <u>DISBURSEMENTS</u> (ACCOUNT # _____ )

| DISBURSEMENTS: | AMOUNT: |
|---|---|
| | |
| Payments to secured creditors | $ |
| Purchases of inventory | $ |
| Net Payroll (excluding officer compensation) | $ |
| Officer Compensation | $ |
| Payroll Taxes | $ |
| Sales Tax | $ |
| Property Taxes | $ |
| Supplies and Materials | $ |
| Rental Payments (Real Property) | $ |
| Other lease payments | $ |
| Utilities (Telephone, Electricity, Water, Other) | $ |
| Travel and Entertainment | $ |
| Transportation Costs (e.g., fuel, tolls, parking) | $ |
| Vehicle Maintenance and Repairs Costs | $ |
| Equipment Repair Costs | $ |
| Real Property Repairs and Maintenance Costs | $ |
| Vehicle Insurance Premiums | $ |
| Life and health Insurance Premiums | $ |
| Real Property Insurance Premiums | $ |
| Other Insurance Premiums | $ |
| Office Supplies | $ |
| Freight and Shipping Costs | $ |
| Advertising and Marketing | $ |
| Meal and Food Costs | $ |
| Professional Fees | $ |
| Quarterly Fees | $ |
| Transfers to other accounts (list accounts below):<br>    (a)_____<br>    (b)_____<br>    (c)_____ | (list amounts below):<br><br>    (a)_____<br>    (b)_____<br>    (c)_____<br><br>    Total = $ |
| Other (PROVIDE ATTACHMENT) | $ |

➔   *TOTAL = $ _____

**\*Total equals item #4/Total Cash Disbursements on Part C.**

*Revised October, 2015*

# PART C: SUMMARY OF CASH RECEIPTS AND DISBURSEMENTS

**NATURE/TYPE OF ACCOUNT:**  ☒ **Operating Account (Last 4 Digits** 7964 **)** "Gift Card Acct"

☐ **Tax Account (Last 4 Digits: ____ )**

☐ **Payroll Account (Last 4 Digits: ____ )**

☐ **Cash Collateral Account   (Last 4 Digits: ____ )**

**AMOUNT:**

1.  CASH BALANCE FROM PREVIOUS     $    900 00
    MONTH'S REPORT:

2.  TOTAL RECEIPTS/TRANSFERS/UNCLEARED:   $ 3,200 00
    [On following page- *EXHIBIT 1*
    - provide a description of the source and amount]

3.  TOTAL DISBURSEMENTS/TRANSFERS/UNCLEARED:   $ 0.00
    [On following page- *EXHIBIT 2*
    - provide a description of the disbursements]

4.  ENDING RECONCILED BALANCE:     $  4,100 00

## SUMMARY OF BANK ACCOUNT INFORMATION

5.  ENDING BANK BALANCE:     $ 4,100 00

6.  PLUS UNCLEARED DEPOSITS     $ _____

7.  LESS UNCLEARED CHECKS     $ _____

8.  ENDING RECONCILED BALANCE:     *$ 4,100 00

*If item #4 differs from Item #8, please explain:

*Revised December 2017*

# EXHIBIT 1

## DESCRIPTION/ITEMIZATION OF <u>RECEIPTS</u> (Last 4 Digits of Acct # 7964)

| RECEIPTS: | AMOUNT: |
|---|---|
| | |
| Sales  "Gift Cards" | $ 3,200 00 |
| Rental Income | $ |
| Collection of post-petition accounts receivable | $ |
| Collection of pre-petition accounts receivable | $ |
| Borrowing by Debtor (list sources below):<br><br>(a)_____<br>(b)_____<br>(c)_____ | (list amounts below):<br><br>(a)_____<br>(b)_____<br>(c)_____<br><br>Total = **$ 0.00** |
| Transfers from other accounts (list last 4 digits of account numbers below):<br><br>(a)_____<br>(b)_____<br>(c)_____ | (list amounts below):<br><br>(a)_____<br>(b)_____<br>(c)_____<br><br>Total = **$ 0.00** |
| Other forms of income/deposits (list sources below):<br><br>(a)_____<br>(b)_____<br>(c)_____ | (list amounts below):<br><br>(a)_____<br>(b)_____<br>(c)_____<br><br>Total = **$ 0.00** |
| Less allowance for returns and discounts | $ |

→   *TOTAL =    $ 0.00  3,200 00

**\*Total equals item #2 (Total Cash Receipts) on Part C.**

*Revised December 2017*

<div style="border:1px solid black; float:right;">**Click to add another account**</div>

# EXHIBIT 2

### DESCRIPTION/ITEMIZATION OF DISBURSEMENTS (Last 4 Digits of Acct # _7964_)

| DISBURSEMENTS: | AMOUNT: |
|---|---|
| | |
| Payments to Secured Creditors | $ |
| Purchases of Inventory | $ |
| Net Payroll (excluding officer compensation) | $ |
| Officer Compensation | $ |
| Subcontractors and Contract Workers | $ |
| Payroll Taxes | $ |
| Sales Tax | $ |
| Property Taxes | $ |
| Supplies and Materials | $ |
| Real Property Lease Payments | $ |
| Vehicle & Equipment Lease Payments | $ |
| Utilities (Telephone, Electricity, Water, Other) | $ |
| Travel and Entertainment | $ |
| Meal and Food Costs | $ |
| Transportation Costs (e.g., fuel, tolls, parking) | $ |
| Vehicle Maintenance and Repairs Costs | $ |
| Equipment Repair Costs | $ |
| Real Property Repairs and Maintenance Costs | $ |
| Vehicle Insurance Premiums | $ |
| Life and Health Insurance Premiums | $ |
| Real Property Insurance Premiums | $ |
| Other Insurance Premiums | $ |
| Office Supplies | $ |
| Freight and Shipping Costs | $ |
| Advertising and Marketing | $ |
| Professional Fees (e.g., Attorney, Accountant) | $ |
| Quarterly Fees | $ |
| Transfers to other accounts (list last 4 digits of account numbers below):<br><br>(a)_____<br>(b)_____<br>(c)_____ | (list amounts below):<br><br>(a) _____<br>(b) _____<br>(c) _____<br><br>Total = **$ 0.00** |
| Other (PROVIDE ATTACHMENT) | $ |

➔      *TOTAL = **$ 0.00** _____

**\*Total equals item #3 (Total Cash Disbursements) on Part C.**

*Revised December 2017*

# PART D: SUMMARY OF ACCOUNT RECEIVABLES

|  |  | **AMOUNT:** |
|---|---|---|
| 1. | Beginning Balance | $ N/A |
| 2. | Sales on Account | $ |
| 3. | Collections on Account | $ |
| 4. | Ending Balance [Item #1 plus #2 minus #3] | $ |

## STATUS OF COLLECTIONS:

|  | **AMOUNT:** |
|---|---|
| Current to 30 days | $ |
| 31 to 60 days | $ |
| 61 to 90 days | $ |
| 91 to 120 days | $ |
| 121 days and older | $ |
| TOTAL: | $ |

*Revised October, 2015*

# PART E: SUMMARY OF ACCOUNTS PAYABLE

## [EXCLUDING PREPETITION ACCOUNTS PAYABLE]

**AMOUNT:**

| | |
|---|---|
| Current to 30 days | $ SEE NOTE BELOW |
| 31 to 60 days | $ _____ |
| 61 to 90 days | $ _____ |
| 91 to 120 days | $ _____ |
| 121 days and older | $ _____ |
| | |
| TOTAL: | $ _____ |

**If there are payables outstanding greater than 60 days, please provide an explanation:**

DEBTOR IS ON C.O.D. WITH ALL VENDORS AND HAS LITTLE TO NO PAYABLES

# PART F: STATUS OF PAYMENTS TO SECURED CREDITORS

*List all secured creditors and collateral descriptions, regardless if payments are made

| | |
|---|---|
| **Creditor Name:** | CORPORATION SERVICES COMPANY |
| **Amount Paid this Month:** | 0 |
| **Description of Collateral:** | (UCC LIEN) |
| **Payment Pursuant to Bankruptcy Court Order?** | DEBTOR IS PAYING $4000 PER MONTH IN SEGREGATED ACCOUNT SEE DOCKET #39 |

| | |
|---|---|
| **Creditor Name:** | US FOODS INC |
| **Amount Paid this Month:** | 0 |
| **Description of Collateral:** | (UCC LIEN) |
| **Payment Pursuant to Bankruptcy Court Order?** | SEE DOCKET #39 |

| | |
|---|---|
| **Creditor Name:** | YES FUNDING SERVICES |
| **Amount Paid this Month:** | 0 |
| **Description of Collateral:** | (UCC LIEN) |
| **Payment Pursuant to Bankruptcy Court Order?** | SEE DOCKET #39 |

| | |
|---|---|
| **Creditor Name:** | CAP CALL LLC |
| **Amount Paid this Month:** | 0 |
| **Description of Collateral:** | (UCC LIEN) |
| **Payment Pursuant to Bankruptcy Court Order?** | SEE DOCKET #39 |

**[Attach a separate page for additional secured debt payments]**

# PART G: STATUS OF PAYMENTS TO LESSORS

*List all lessors and description of leased property, regardless if payments are made

| | |
|---|---|
| **Lessor Name:** | RL PRESTON INVESTORS |
| **Amount Paid this Month:** | $23,000 |
| **Description of Leased Property:** | 1060 DARRINGTON DR, CARY, NC |
| **Is Lease Current?** | DEBTOR DID NOT PAY AUGUST RENT - 1 MONTH BEHIND |

| | |
|---|---|
| **Lessor Name:** | ASHWORTH FAMILY PARTNERSHIP |
| **Amount Paid this Month:** | $10,215 |
| **Description of Leased Property:** | 200 S ACADEMY ST, CARY, NC |
| **Is Lease Current?** | DEBTOR DID NOT PAY AUGUST RENT - 1 MONTH BEHIND |

| | |
|---|---|
| **Lessor Name:** | |
| **Amount Paid this Month:** | |
| **Description of Leased Property:** | |
| **Is Lease Current?** | |

| | |
|---|---|
| **Lessor Name:** | |
| **Amount Paid this Month:** | |
| **Description of Leased Property:** | |
| **Is Lease Current?** | |

**[Attach a separate page for additional lease payments]**

*Revised October, 2015*

# PART H: SUMMARY OF OFFICER/OWNER COMPENSATION, PROPERTY SALES AND PROFESSIONAL FEE PAYMENTS

## 1.) REPORT ALL COMPENSATION PAID TO ANY OFFICER OR OWNER THIS MONTH:

| Name of Officer/Owner of the Debtor | Monthly Compensation Authorized by the Court | Compensation Received this Month |
|---|---|---|
| THOMAS HAVRISH | $ 6250.00 | $ 5769.24 |
| | $ | $ |
| | $ | $ |
| | $ | $ |
| | $ | $ |

## 2.) PROPERTY SALE REPORT:

| Description of Property Sold | Date Property Sold | Sale Funds Disbursed by or on behalf of Debtor |
|---|---|---|
| NONE | | $ |
| | | $ |
| | | $ |
| | | $ |

## 3.) REPORT OF ALL PAYMENTS MADE TO PROFESSIONALS THIS MONTH:

| Name of Professional | Compensation Authorized by the Court | Compensation Received this Month |
|---|---|---|
| NONE | $ | $ |
| | $ | $ |
| | $ | $ |
| | $ | $ |
| | $ | $ |

*Revised October, 2015*

# PART I: ACCRUAL BASIS INCOME/[LOSS] FOR THE MONTH

**AMOUNT**

1.  Total Sales or Revenue                              $ 34824.00 (ESTIMATED)

2.  Cost of Goods Sold ("COGS")

        Material = $ _____

        Labor = $ _____

        Other = $ _____

                TOTAL COGS              $ _____

3.  Gross Profit [Item #1 minus item #2]                $ _____


4.  TOTAL OPERATING EXPENSES                            $ _____

5.  Net Profit or <Loss>                                $ _____
    [Item #3 minus #4]


6.  Total Non-Operating Income/Expenses                 $ _____

7.  Net Profit or <Loss>                                $ _____
    [Item #5 minus #6]


**[If a detailed INCOME STATEMENT is available, please attach it to the monthly report]**

*Revised October, 2015*

# PART J: CHAPTER 11 QUARTERLY FEES

**DISBURSEMENTS INCLUDE:** Sum total of all disbursements from all bank accounts – **and** – payments made on behalf of the debtor. Disbursements do <u>not</u> include transfers between the Debtor's accounts. Quarterly fees are not prorated.

**Calculating the Fee:** Use the table on the following page to compute the Amount of Fee Due for each quarter. Payment of quarterly fees should be submitted to Debtor's attorney, and then Debtor's attorney should submit the payment through **www.pay.gov**.

## 1st Quarter

Disbursements for January, 20____ : _____

Disbursements for February, 20____ : _____          Amount of Fee Due: _____

Disbursements for March, 20____ : _____             Amount Paid: _____

Total Disbursements for the 1st Quarter: _____

## 2nd Quarter

Disbursements for April, 20____ : _____

Disbursements for May, 20____ : _____              Amount of Fee Due: _____

Disbursements for June, 20____ : _____             Amount Paid: _____

Total Disbursements for the 2nd Quarter: _____

## 3rd Quarter

Disbursements for July, 20____ : _____

Disbursements for August, 20____ : _____            Amount of Fee Due: 1625.00

Disbursements for September, 20 17 : 169902.14                 Amount Paid: 1625.00

Total Disbursements for the 3rd Quarter: _____

## 4th Quarter

Disbursements for October, 20 17 : 228923.02

Disbursements for November, 20 17 : 246447.25                  Amount of Fee Due: 4,875 00

Disbursements for December, 20____ : 305779.57                 Amount Paid: 4,875 00

Total Disbursements for the 4th Quarter: 781, 149.82

| Total Disbursement for the Quarter | Amount of Fee Due |
|---|---|
| $0 to $14,999.00 | $325.00 |
| $15,000.00 to $74,999.99 | $650.00 |
| $75,000.00 to $149,999.99 | $975.00 |
| $150,000.00 to $224,999.99 | $1,625.00 |
| $225,000.00 to $299,999.99 | $1,950.00 |
| $300,000.00 to $999,999.99 | $4,875.00 |
| $1,000,000.00 to $1,999,999.99 | $6,500.00 |
| $2,000,000.00 to $2,999,999.99 | $9,750.00 |
| $3,000,000.00 to $4,999,999.99 | $10,400.00 |
| $5,000,000.00 to $14,999,999.99 | $13,000.00 |
| $15,000,000.00 to $29,999,999.99 | $20,000.00 |
| $30,000,000.00 or more | $30,000.00 |

Revised October. 2015

Exhibit B:  Liquidation Analysis

Proposed Chapter 11 Plan

| Class | Description | Claims | Treatment summary |
|---|---|---|---|
| 1 | Admin | $35,000 | Pay on Effective Date |
| 2 | Tax | $123,000 | Statutory Treatment Note: Amount is Debtor's estimate for confirmation purposes only. |
| 3 | Cap call | $0 | 5 yrs/ 5.5% of Allowed Secured Amount |
| 4 | Kabbage | $88,000 | 5 yrs/ 5.5% of Allowed Secured Amount |
| 5 | LG Funding | $0 | 5 yrs/ 5.5% of Allowed Secured Amount |
| 6 | Power Up | $0 | 5 yrs/ 5.5% of Allowed Secured Amount |
| 7 | Queen Funding | $0 | 5 yrs/ 5.5% of Allowed Secured Amount |
| 8 | Richmond | $0 | 5 yrs/ 5.5% of Allowed Secured Amount |
| 9 | SOS Capital | $68,138 | 5 yrs/ 5.5% of Allowed Secured Amount |
| 10 | U.S. Foods | $9,283 | 2 yrs / 5.5% of Allowed Secured Amount |
| 11 | YES Funding | $0 | 5 yrs/ 5.5% of Allowed Secured Amount |
| 12 | Small Unsecured | $6,000 | 50% 3 month from ED, 50% 9 months from ED |
| 13 | General Unsecured | $440,000 | $1,000 / month, full baloon payment in 8 years Note: Amount expected to be reduced after claim objections |

Liquidation Analysis

| Asset Description | Value |
|---|---|
| Bank Accounts | $67,149 |
| Kitchen Equip (Luganos) | $32,625 |
| Kitchen Equip (Bistro) | $13,930 |
| Inventory / Supplies | $46,555 |
| Total | $160,259 |

| Hypothetical Chapter 7 | Proposed Plan Payment | Est Ch. 7 Payment |
|---|---|---|
| Chapter 7 Commission | $0 | $11,262 |
| Chapter 11 Admins | $35,000 | $35,000 |
| Secured Creditors / Taxes | Full | $113,997 |
| Unsecured Creditors | Full | Net Proceed of Avoindance Actions |

Exhibit C
Black Sheep Food Group, LLC Projections

| Year | | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 | |
|------|--|--------|--------|--------|--------|--------|--|
| Income | | $2,900,000 | $2,987,000 | $3,097,610 | $3,190,538 | $3,286,254 | |
| | | | | | | | |
| Taxes | | $225,000 | $231,750 | $231,702 | $238,653 | $245,812 | |
| MP&S | | $220,420 | $245,345 | $255,000 | $260,000 | $285,000 | |
| Produce | | $145,000 | $149,350 | $153,500 | $158,000 | $160,500 | |
| Dairy | | $85,000 | $90,000 | $95,000 | $100,000 | $110,000 | |
| Bakery | | $34,000 | $37,500 | $42,500 | $44,500 | $47,500 | |
| Groceries | | $124,000 | $127,720 | $130,831 | $134,755 | $137,000 | |
| Other Food | | $75,000 | $78,500 | $81,500 | $84,500 | $89,500 | |
| Beer | | $9,000 | $9,700 | $10,500 | $11,000 | $12,000 | |
| Wine | | $90,000 | $100,000 | $110,000 | $120,000 | $135,000 | |
| Liquor | | $25,000 | $28,000 | $31,000 | $38,000 | $39,500 | |
| Beverages | | $24,500 | $26,500 | $28,500 | $29,000 | $29,750 | |
| Labor | | $1,000,000 | $1,000,000 | $1,055,000 | $1,065,000 | $1,068,195 | |
| Captain | | $16,000 | $16,000 | $16,000 | $16,000 | $16,000 | |
| Payroll Tax | | $95,000 | $95,000 | $100,500 | $108,500 | $111,755 | |
| Cleaning/outside service | | $14,000 | $16,500 | $17,500 | $17,500 | $18,000 | |
| Office | | $3,500 | $4,000 | $4,500 | $4,500 | $5,000 | |
| Paper | | $40,000 | $42,000 | $44,000 | $46,000 | $48,000 | |
| Leases | | $17,500 | $17,500 | $17,500 | $17,500 | $17,500 | |
| Membership Dues | | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | |
| Uniforms | | $2,500 | $2,500 | $2,500 | $3,000 | $3,000 | |
| Linens | | $25,000 | $28,000 | $30,000 | $32,000 | $36,000 | |
| Postage | | $200 | $200 | $200 | $200 | $200 | |
| Extermination | | $2,000 | $2,000 | $2,000 | $2,300 | $2,300 | |
| R&M Kitchen | | $30,000 | $35,000 | $40,000 | $45,000 | $50,000 | |
| China | | $9,000 | $9,000 | $9,000 | $9,000 | $9,000 | |
| Silver | | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | |
| Glass | | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | |
| FOH | | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | |
| BOH | | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | |
| Electric/water | | $48,000 | $48,000 | $51,000 | $53,000 | $55,000 | |
| Gas | | $20,000 | $21,000 | $23,000 | $24,500 | $26,000 | |
| waste removal | | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | |
| Rent | | $316,860 | $316,860 | $316,860 | $316,860 | $316,860 | |
| Secuirty | | $4,500 | $4,500 | $4,500 | $4,500 | $4,500 | |
| Officer Comp | | $75,000 | $75,000 | $75,000 | $75,000 | $75,000 | |
| Misc/insurance expense | | $28,000 | $28,000 | $28,000 | $28,000 | $28,000 | |
| Total Ex. | | $2,824,980 | $2,906,425 | $3,028,093 | $3,107,768 | $3,202,872 | |
| | | | | | | | |
| Net Available | | $75,020 | $80,575 | $69,517 | $82,770 | $83,382 | |
| | | | | | | | |
| Est. Starting Cash | | $100,000 | $23,924 | $19,783 | $9,504 | $12,478 | |
| | | | | | | | |
| Plan Payments | | | | | | | |
| Class 1 | Admin | $35,000 | $0 | $0 | $0 | $0 | |
| Class 2 | Tax | $32,000 | $32,000 | $32,000 | $32,000 | $10,667 | Est used of 123K |
| Class 3 | Cap call | $0 | $0 | $0 | $0 | $0 | |
| Class 4 | Kabbage | $20,172 | $20,172 | $20,172 | $20,172 | $20,172 | |
| Class 5 | LG Funding | $0 | $0 | $0 | $0 | $0 | |
| Class 6 | Power Up | $0 | $0 | $0 | $0 | $0 | |
| Class 7 | Queen Funding | $0 | $0 | $0 | $0 | $0 | |
| Class 8 | Richmond | $0 | $0 | $0 | $0 | $0 | |
| Class 9 | SOS Capital | $15,624 | $15,624 | $15,624 | $15,624 | $15,624 | |
| Class 10 | U.S. Foods | $4,920 | $4,920 | $0 | $0 | $0 | |
| Class 11 | YES Funding | $0 | $0 | $0 | $0 | $0 | |
| Class 12 | Small Unsecured | $6,000 | $0 | $0 | $0 | $0 | |
| Class 13 | General Unsecured | $8,000 | $12,000 | $12,000 | $12,000 | $12,000 | |
| Lease Cures | | $29,380 | $0 | $0 | $0 | $0 | |
| Total | | $151,096 | $84,716 | $79,796 | $79,796 | $58,463 | |
| | | | | | | | |
| Ending Cash | | $23,924 | $19,783 | $9,504 | $12,478 | $37,397 | |

Note: Debtor anticipates payments to classes 2, 4, and 9 will be lower after completion of claim objections and avoidance actions.